* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

tial evidence. I would therefore deny the petition for review.

**Tania K. Espinosa RODRIGUEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72893.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 18, 2004.

Tania K. Espinosa Rodriguez, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David M. McConnell, U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

R.App. P. 34(a)(2).

MEMORANDUM **

Tania K. Espinosa Rodriguez, a native and citizen of Mexico, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of her application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo both legal determinations regarding an alien's eligibility for cancellation of removal, *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir.2002), and constitutional claims, *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001). We deny the petition for review.

Espinosa Rodriguez contends that the IJ's application of the cancellation standard, which carries the heavier burden of showing "exceptional and extremely unusual" hardship to a qualifying relative, rather than the suspension of deportation standard, which does not, violates equal protection. This contention lacks merit because she was served with the notice to appear in 2001, when suspension of deportation was no longer available to her. *See Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1108 (9th Cir.2003). Accordingly, Espinosa Rodriguez's equal protection contention fails. *See Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.